IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-657-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | ORDER |
| RICARDO SANCHEZ-MARTINEZ, RSM ) | |
| FRAMING CONTRACTORS, LLC, ) | |
| BEATRIZ SANCHEZ, and DULCHE ) | |
| RODRIGUEZ, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on plaintiff's motion for entry of default judgment and order of sale (DE # 11), filed March 15, 2012. By order entered March 20, 2012, the court requested supplemental briefing, which plaintiff filed April 5, 2012. Accordingly, the issues raised are ripe for adjudication. For the following reasons, plaintiff's motion is GRANTED.

BACKGROUND

The United States ("plaintiff") filed complaint on November 17, 2011, seeking therein judgment on federal income tax assessments against defendant Ricardo Sanchez-Martinez ("Sanchez-Martinez") and to foreclose its federal tax liens against real property located in Johnston County, North Carolina. Additional defendants RSM Framing Contractors, LLC ("RSM Framing"), Beatriz Sanchez ("Sanchez"), and Dulche Rodriguez ("Rodriguez") were named because they may claim an interest in the real property at issue.

Summonses were issued as to all defendants, but none entered appearance. On February 10,

2012, plaintiff filed motion for entry of default, and default was entered as to all defendants on February 13, 2012. On March 15, 2012, plaintiff filed the instant motion for default judgment.

Plaintiff requests judgment in its favor against defendant Sanchez-Martinez for unpaid 2000 through 2006 federal individual income taxes, penalties, and interest, in the total amount of $2,813,106.55, plus statutory interest accrued under 26 U.S.C. § 6621 from February 24, 2012, until paid. Plaintiff also seeks judgment that it has valid federal liens against all property and rights to property owned by defendant Sanchez-Martinez. Next, plaintiff asks the court to adjudge that defendants RSM Framing and Sanchez are holding the real property at issue as nominees of Sanchez-Martinez. Finally, plaintiff seeks order commanding that this property be sold in accordance with 28 U.S.C. §§ 2001 and 2002.

By order entered March 20, 2012, the court directed plaintiff to provide additional information as to two issues. First, the court asked plaintiff to explain the distinction in amounts listed in certificates of assessment attached to plaintiff's motion for default judgment and those amounts listed on the second page of plaintiff's memorandum in support. Second, the court directed plaintiff to provide further argument in support of its contention that defendants RSM Framing and Sanchez were holding certain real property as nominees of defendant Sanchez-Martinez. With benefit now of plaintiff's supplemental materials, filed April 5, 2012, the court rules as follows.

COURT'S DISCUSSION

A. Defendant's indebtedness to the United States for income tax, penalties, and interest

Plaintiff asserts that defendant Sanchez-Martinez owes the United States an amount of $2,813,106.55 plus interest from February 24, 2012, for his 2000 through 2006 income tax, penalties, and interest accrued. Plaintiff attached to its motion for default judgment certificates of assessment

(Forms 4340) for tax years 2000 through 2006. Each certificate is dated March 25, 2011, and concludes with a balance. The balances listed are $4,698.38, $902.45, $434,670.08, $689,993.04, $626,964.81, and $18,375.61 for the tax years 2000 through 2006, respectively.

Plaintiff informs through declarations of Ralph W. Thompson that the amounts due as of February 24, 2012, taking into consideration accrued penalties and interest, are $5,546.05, $1,061.37, $699,676.54, $1,106,874.80, $964,374.89, $23,573.08, and $11,999.82, respectively. In further support, plaintiff attaches to its supplemental filing printouts from the Internal Revenue Service's ("IRS's") computer program, INTST, which printouts confirm the above amounts.

The Commissioner's determination of tax liability is presumptively correct. United States v. Pomponio, 635 F.2d 293, 296 (4th Cir. 1980). Accordingly, the court is satisfied that the amounts provided are accurate and ADJUDGES that defendant Sanchez-Martinez is indebted to the United States for income tax, penalties, and interest in the amount of $2,813,106.55 plus interest from February 24, 2012 with respect to his 2000 through 2006 tax years.

B.  Nominee status of RSM Framing Contractors, LLC and Beatriz Sanchez

Plaintiff asserts that defendants RSM Framing Contractors, LLC and Beatriz Sanchez hold title to real property located at 9720 S. U.S. Highway 701, Newton Grove, N.C. as nominees of Sanchez-Martinez. Plaintiff has filed nominee notices of federal tax liens as to RSM Framing and Sanchez and now seeks order adjudging that these defendants hold the real property at issue as nominees of Sanchez-Martinez. Furthermore, plaintiff requests order that this property be sold in accordance with 28 U.S.C. §§ 2001 and 2002.

Plaintiff has the burden of establishing that defendants RSM Framing and Sanchez are the nominees of defendant Sanchez-Martinez. United States v. Greer, 383 F. Supp. 2d 861, 866

(W.D.N.C. 2005). Federal district courts in North Carolina have looked to several factors "when determining nominee status for purposes of attaching federal tax liens on one individual's property based on the tax liabilities of another." Id. at 868 (citing Hill v. United States, 844 F. Supp. 263, 271 (W.D.N.C. 1993)). These factors include: (1) the structure of the transaction placing the property in the hands of the nominee; (2) the treatment by the taxpayer of the asset as his own; (3) control over the alleged nominee by the taxpayer or a close relationship between them; (4) use of the alleged nominee's funds to pay personal expenses of the taxpayer; (5) transfer of the property to the alleged nominee for a nominal sum; (6) the fact that the alleged nominee supported the taxpayer; (7) whether the taxpayer expended personal funds for the property; (8) whether the taxpayer enjoys the benefit of the property; and (9) whether the record titleholder interfered with the taxpayer's use of the property. Greer, 383 F. Supp. 2d at 868.

According to statements of Claudine S. Libey, a Revenue Officer for the IRS in Raleigh, North Carolina, which statements were made in declarations dated March 6, 2012 and April 3, 2012, Sanchez-Martinez provided the funds to acquire the property located at 9720 US Highway 701, Newton Grove, N.C. Sanchez-Martinez further represented to Ms. Libey that he owns the property. In addition, Sanchez-Martinez pays the property taxes on the property. And Ms. Libey's statements support that Mr. Sanchez-Martinez has a close relationship with the asserted nominees, where he is Ms. Sanchez's sister and was the sole member of RSM Contractors, which LLC was administratively dissolved as of August 13, 2010. Finally, plaintiff asserts that there is no evidence that the record titleholders ever interfered with Mr. Sanchez-Martinez's use of the property.

Where at least four of the above nine factors are met, the court concludes that RSM Framing Contractors, LLC and Beatriz Sanchez are holding the real property at issue in this case as nominees of Mr. Sanchez-Martinez.

CONCLUSION

Upon consideration of plaintiff's motion for entry of default judgment and order of sale, and for good cause shown, it is ORDERED:

1. Plaintiff's motion is GRANTED.

2. JUDGMENT is entered, in favor of plaintiff and against defendant Ricardo Sanchez-Martinez, for unpaid 2000, 2001, 2002, 2003, 2004, 2005, and 2006 federal individual income taxes, penalties and interest in the total amount of $2,813,106.55 plus statutory interest under 26 U.S.C. § 6621 from February 24, 2012, until paid.

3. Plaintiff has valid and existing federal tax liens against all property and rights to property owned by defendant Ricardo Sanchez-Martinez.

4. The nominee federal tax liens against RSM Framing Contractors, LLC, and Beatriz Sanchez as nominees of Ricardo Sanchez-Martinez are foreclosed against the subject property described below, and such property is to be sold pursuant to 28 U.S.C. §§ 2001 and 2002 in the manner set forth below:

    A. The real property upon which plaintiff seeks to foreclose its federal tax liens is listed as owned by RSM Framing Contractors, LLC, and Beatriz Sanchez, nominees of Ricardo Sanchez-Martinez, and is located in Johnston County, North Carolina at 9720 S. US Highway 701, Newton Grove, N.C., and is more particularly described as:

BEING all of Lots 1 & 2 and 16.42 acres, more or less, as depicted upon a plat entitled "Survey and Map for Fernando Zamora," drawn by Peacock Land Surveying, dated November 6, 2002 and recorded January 2, 2003, at 1:10 p.m., in Plat Book 61, Page 352, Johnston County registry, to which reference is made for a more particular description.

(hereinafter referred to as "the Property").

  B. The IRS Property Appraisal and Liquidation Specialists ("PALS") are authorized to offer for public sale and to sell the Property.

  C. The terms and conditions of the sale are as follows:

    i. The sale of the Property shall be free and clear of the interests of all parties in the suit;

    ii. The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Property, and easements and restrictions of record, if any;

    iii. The property shall be sold by public auction to take place within Johnston County, North Carolina, either on the premises itself or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002;

    iv. The PALS shall announce the date and time for sale;

    v. Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Johnston County, N. C., and, at the discretion of the PALS, by any other notice that the PALS deems appropriate. The notice shall contain a description of the property and shall contain the terms and conditions of sale in this order of sale;

6

vi. The PALS shall set the minimum bid. If the minimum bid is not met or exceeded, the PALS may, without further permission of this court, and under the terms and conditions in this order of sale, hold a new public sale, if necessary, and reduce the minimum bid;

vii. At the time of the sale, the successful bidder(s) shall deposit with the PALS, by money order or by certified or cashier's check payable to the Clerk of the United States District Court for the Eastern District of North Carolina, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the PALS in the published Notice of Sale. Before being permitted to bid at the sale, potential bidders shall display to the PALS proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are the successful bidders(s), they can make the deposit required by this order of sale;

viii. The successful bidder(s) shall pay the balance of the purchase price for the Property within sixty (60) days following the date of the sale. The certified or cashier's check payable to the United States District Court for the Eastern District of North Carolina shall be given to PALS who will deposit the funds with the Clerk of this Court. If the bidder fails to fulfill this requirement, the deposit shall be forfeited and shall be applied to cover the expenses of the sale, with any amount remaining to be applied to the liabilities of Ricardo Sanchez-Martinez at issue herein. The Clerk shall distribute the deposit as directed by the PALS by check made to the "United States Treasury." The Property shall be again offered for sale under the terms and conditions of this order of sale or, in the alternative, sold to the second highest bidder;

ix. The Clerk of the District Court is directed to accept the proceeds of the sale and deposit it into the Court's registry for distribution pursuant to further Order of this Court;

x. The sale of the Property shall be subject to confirmation by this Court. On confirmation of the sale, the IRS shall execute and deliver its deed conveying the Property to the purchaser. On confirmation of the sale, all interests in, liens against, or claims to, the Property that are held or asserted by all parties to this action are discharged and extinguished;

xi. When this Court confirms the sale, the Recording Official of Johnston County, North Carolina shall cause transfer of the Property to be reflected upon that county's register of title. The successful bidder at the sale shall pay, in addition to the amount of the bid, any documentary stamps and Clerk's registry fees as provided by law;

xii. The sale of the Property is ordered pursuant to 28 U.S.C. § 2001 and is made without right of redemption.

D. Until the Property is sold, Ricardo Sanchez-Martinez shall take all reasonable steps necessary to preserve the Property. He shall neither commit waste against the Property nor cause or permit anyone else to do so. He shall neither do anything that tends to reduce the value or marketability of the Property nor cause or permit anyone else to do so. He shall not record any instruments, publish any notice, or take any other action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to adversely affect the value of the Property or that may tend to deter or discourage potential bidders from participating in the public auction, nor shall he cause or permit anyone else to do so.

E. Pending the sale of the Property, and until the deed to the Property is delivered to the successful bidder, the PALS is authorized to have free access to the premises in order to take any and all actions necessary to preserve the Property.

F. After the Court confirms the sale, the sale proceeds deposited with the Clerk of this Court should be applied to the following items, in the order specified:

      i. First, to the United States Treasury for the expenses of the sale, including any expenses incurred to secure or maintain the property pending sale and confirmation by the Court;

      ii. Second, to Johnston County, N.C. or other local taxing authority, for real property taxes and other local assessments due and owing; and

      iii. Third, the remaining proceeds shall be distributed to plaintiff United States of America for application to the unpaid federal income tax liabilities for the years 2000 through 2006 against the defendant Ricardo Sanchez-Martinez, including all accrued statutory penalties, additions, and interest, until fully paid.

SO ORDERED, this the 11 day of May, 2012.

                            LOUISE W. FLANAGAN
                            United States District Judge